IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 125-208 |
| CONNECT UNDERGROUND, LLC; ALEX GOMEZ; MELVIN VASQUEZ-CANTARERO; MARIA MERCEDES CANTARERO-BAUTISTA; and GARY M. COOPER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed this action seeking a declaration of no coverage for claims arising out of a car accident that resulted in the death of Roberto Vasquez-Cantarero.  In this coverage case, the defendants are (1) the plaintiffs in the underlying action, i.e., Estate Representative Gary M. Cooper and Maria Mercedes Cantarero-Bautista, the decedent's sister who lives in Honduras ("claimants"); and (2) Connect Underground, LLC ("Connect") and Alex Gomez, the insured owners of the truck.

On February 18, 2026, the undersigned devoted an entire day to mediating a global resolution.  When the undersigned expressed concern about the absence at the mediation of Ms. Cantarero-Bautista and Estate Representative Cooper, counsel for the claimants represented (1) it would be impossible for Ms. Cantarero-Bautista to join us by video or voice

call because she lives in an extremely remote section of Honduras with no access to a reliable internet or cellular connection; and (2) claimants gave counsel a broad grant of authority to negotiate a settlement. The first representation was hotly contested by the other two parties, who posited that internet and cellular coverage in the town where Ms. Cantarero-Bautista lives is more than adequate to conduct a video or voice call, citing in support (1) deposition testimony that Ms. Cantarero-Bautista talks daily with her relatives in the U.S.; and (2) local knowledge by Mr. Gomez concerning connectivity in the same Honduran town.

The undersigned did not press the issue until the insurer's offers reached a certain critical level, at which point the undersigned insisted that an attempt be made to call Ms. Cantarero-Bautista. The call was placed with no connectivity problems. She immediately answered the phone. As the undersigned began a standard introduction, counsel for the claimants interrupted abruptly and expressed concern this introduction was an attempt to "hotbox" Ms. Cantarero-Bautista into accepting the current offer from the insurer when, in fact, the conversation had not even touched on that subject yet. The undersigned had merely explained that, while her counsel are talented attorneys and she should "rely heavily" on their expertise and advice, she was the ultimate decision maker with respect to whether either or both cases settle or go to trial.

In light of these troubling events, the undersigned has no confidence Ms. Cantarero-Bautista is engaged in the mediation process and aware of the offers and demands. Whether she delegated counsel carte blanche authority to accept or reject offers is also in question. For these reasons, and due to counsel's repeated assertions that the internet and cellular infrastructure in this section of Honduras will not allow her remote participation, the Court **SCHEDULES** a second day of mediation for Monday, March 30, 2026, at 9:00 a.m., and

**ORDERS** Ms. Cantarero-Bautista and Estate Representative Cooper to appear in person along with their counsel, and all other parties and their counsel.

Failure to attend in person by any party or their counsel shall result in sanctions. See Trump v. Clinton, 161 F.4th 671, 688 (11th Cir. 2025) ("Federal courts have the inherent authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991); Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) ("A court may exercise [its inherent power] 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 382 (2013))); Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting Chambers, 501 U.S. at 43)). Because of the frivolous and impertinent "hotboxing" accusation, all caucus sessions with the claimants shall take place in the courtroom and will be recorded, with the recording being placed under seal to maintain confidentiality.

If Ms. Cantarero-Bautista has no passport or for any other legal reason cannot enter the United States, claimants' counsel shall so inform the court in a detailed filing on or before March 9, 2026. Said filing shall support any assertion of her legal inability to enter the country with sworn statements and supporting documentation that is authenticated. If the Court finds after review of such filing that Ms. Cantarero-Bautista cannot legally enter the country, claimants' counsel shall make all necessary arrangements to arrange for Ms. Cantarero-Bautista to participate by videoconference from a commercial location that offers professional

videoconferencing services and technology.  Merely attempting to connect Ms. Cantarero-Bautista by phone is insufficient.  Confirmation of these arrangements, with all attendant details, shall be included in the filing due on March 9, 2026.

Counsel for claimants shall arrange for a licensed interpreter to be present in person for the mediation regardless of whether Ms. Cantarero-Bautista will participate in person or remotely.

Finally, as always, all parties and their counsel shall plan on staying as late into the night as necessary to exhaust all attempts at a global resolution.

SO ORDERED this 24th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4