IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

AUTO-OWNERS INSURANCE                )
COMPANY,                             )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          CV 125-208
                                     )
CONNECT UNDERGROUND, LLC;            )
ALEX GOMEZ; MELVIN                   )
VASQUEZ-CANTARERO; MARIA             )
MERCEDES CANTARERO-BAUTISTA;         )
and GARY M. COOPER,                  )
                                     )
            Defendants.              )

_____

**O R D E R**

_____

Before the Court is Estate Representative Gary M. Cooper and Maria Mercedes Cantarero-Bautista's ("Claimants") objections, (doc. 61), to the Magistrate Judge's Order dated February 24, 2026, (doc. 55). Therein, the Magistrate Judge ordered a second mediation and required Ms. Cantarero-Bautista to attend in person unless she cannot enter the country, in which event she shall attend remotely under specified conditions. In the objections, Claimants (1) take issue with use of the word "impossible" to describe a characterization by counsel Terry Jackson of Ms. Cantarero-Bautista's ability to participate in the first mediation remotely; (2) request conditions for the second mediation not

specified by the Magistrate Judge; and (3) seek disqualification of the Magistrate Judge because he terminated the mediation immediately when Mr. Jackson accused him of "hotboxing" Ms. Cantarero-Bautista as the Magistrate Judge began discussing the strengths and weaknesses of Claimants' case with her.

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous and contrary to law standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 213-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (alteration in original) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted).

After a careful, thorough review of the Magistrate Judge's

2

Order, and all sealed and unsealed filings relating to the objections, (docs. 59-64), the Court concludes the Order was neither clearly erroneous nor contrary to law. The Magistrate Judge followed the law and applied it correctly, and no factual or legal mistake has been made.

The Court will leave the details of the second mediation to the sound discretion of the Magistrate Judge. No valid grounds for disqualification have been alleged, and none exist. The Claimants' contention that a mediator cannot discuss case strengths and weaknesses with the parties and, in so doing, acts unethically is without merit. Such discussions are an important part of most, if not all, mediations. Because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the Court **OVERRULES** Claimants' objections. (Doc. 61.)

**ORDER ENTERED** at Augusta, Georgia, this _____ 12th _____ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3